# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN W. WAGNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13CV812 DDN |
| | ) | |
| DALE GLASS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas

corpus pursuant to 28 U.S.C. § 2241.

Petitioner, a pretrial detainee at St. Louis City Justice Center, alleges that: (1)

he has been subjected to excessive bail;[1] (2) his due process rights have been violated

---

[1]The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII, § 1. "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the [fine] must bear some relationship to the gravity of the offense that it is designed to punish." United States v. Bajakajian, 524 U.S. 321, 334, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998). For excessive fine claims, a petitioner must show: (1) gross disproportionality; and (2) the disproportionality is of such a level that the punishment is more criminal than the crime. United States v. Dodge Caravan, 387 F.3d 758, 763 (8th Cir.2004). Petitioner has been charged with two counts of sexual assault in the third degree; two counts of statutory sodomy in the first degree/deviate sexual intercourse with a person under the age of 14; two counts of forcible sodomy/deviate sexual intercourse by forcible compulsion; two counts of statutory rape in the first degree/sexual intercourse with a person less than 14 years old; four counts of forcible rape/sexual intercourse by

in his criminal proceedings because the judge has refused to take up his pro se motions for hearing;[2] (3) his speedy trial rights under the Sixth Amendment have been violated; and (4) the prosecution has failed to produce discovery in a timely manner. Petitioner also asserts that his right to access the Courts has been breached because the law library at the Justice Center is not "up to date" and he has had limited access to the legal materials in the library.[3]

Petitioner states that he has pursued his allegations by filing pro se motions in his criminal proceedings complaining of the aforementioned. Petitioner asserts that

---

forcible compulsion; child molestation in the first degree; and two counts of statutory rape in the first degree with a person less than 14 years old who suffered serious physical injury/displayed deadly weapon or a dangers instrument. Petitioner's bond has been set at $100,000 cash only. The Court cannot say that this amount is disproportionate to the crimes for which he has been charged, and petitioner has not produced any caselaw supporting his opinion to the contrary.

[2]Petitioner is currently represented by appointed counsel.

[3]An access to courts claim under the First Amendment is not available to petitioner under 28 U.S.C. § 2241, but instead should be brought to this Court's attention under a civil rights case brought pursuant to 42 U.S.C. § 1983. Nonetheless, the Court notes that petitioner has not stated enough facts to allege an access to courts claim. "To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Petitioner has not stated any such injury, thus, he has not stated a violation of the First Amendment. Additionally, the Court notes that according to Missouri Case.Net, petitioner was granted leave, by court order of the Honorable Philip Heagney, on August 7, 2012, to access the law library at the St. Louis City Justice Center.

he also filed a writ of habeas corpus in the Circuit Court for the City of St. Louis in February of 2013 but that he has not heard any response regarding his application for writ.[4]

After reviewing petitioner's motion and the accompanying exhibits, the petition will be summarily denied and dismissed, without prejudice, based on the foregoing reasons.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." Id. Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. Id. "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." Blanck v. Waukesha County, 48 F. Supp. 2d 859, 860 (D. Wis. 1999).

Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 488 (1973) (speedy trial); Blanck, 48 F. Supp. 2d at 860 (double

---

[4]The Court notes that review of Missouri Case.Net shows that the writ of habeas corpus was filed in petitioner's criminal action. See State v. Wagner, Case No. 1222-CR03703.

jeopardy). However, a petition must contain enough facts to state a claim as a matter

of law and must not be merely conclusory. Frey v. City of Herculaneum, 44 F.3d

667, 671 (8th Cir. 1995).

The grounds raised by petitioner do not constitute the "special circumstances"

required for a finding that he has exhausted his available state remedies.[5] Petitioner's

allegations are conclusory and do not contain any facts, which if proved, would

demonstrate that he has been deprived of the right to a speedy trial. Petitioner has

failed to include enough facts to allow the Court to evaluate his conclusory "speedy

trial" allegations, and most importantly, the claims raised by petitioner can be

adequately raised with his appointed counsel,[6] at his criminal trial and in his

---

[5]In the absence of special circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden, 410 U.S. at 484. Missouri law provides at least three distinct avenues for a pre-trial detainee to challenge unconstitutional conduct: filing a declaratory action, filing a state petition for habeas corpus, or filing a petition for writ of mandamus. See Wayne v. Missouri Bd. of Prob. and Parole, 83 F.3d 994, 996-97 (8th Cir. 1996). Petitioner did not fully exhaust his state remedies before bringing this action.

[6]Furthermore, when a defendant or his counsel is responsible for the delays in trial, the defendant, by law, is not denied his right to speedy trial. State v. Adams, 691 S.W.2d 432 (Mo.Ct.App.1985); State v. Cannon, 692 S.W.2d 357 (Mo.Ct.App.1985); State v. Daly, 731 S.W.2d 315 (Mo.Ct.App.1987); State v. Clark, 723 S.W.2d 17 (Mo.Ct.App.1986). The Court has reviewed petitioner's case on Missouri Case.Net and found, as petitioner must know, that petitioner's counsel has sought additional time from the Court to seek discovery in petitioner's case. Thus,

subsequent state proceedings. As a result, the Court will deny and dismiss the petition at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for extension of time to file court-approved forms [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1 and #8] is **DENIED and DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of July, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

it cannot be said that his speedy trial right has been breached. To the extent that petitioner disagrees with his counsel's trial strategy, he must take the matter up with her. This Court cannot intervene in their difference of opinion, if one actually exists.